**D T & I RD CO v HAYES Auditor, et.**

Ohio Appeals, 4th Dist, Lawrence Co

Decided May 21, 1929

Corn & Jenkins, Ironton, for Rd Co.
J L Anderson and F A Ross, both of Ironton, for Hayes.

### STATEMENT OF FACTS

The street in question is Railroad Street in the city of Ironton. The plaintiff's railroad tracks are approximately in the center of that street. It is claimed by the city that the railroad company owns the fee to that portion of the street occupied by it and that the property in question is subject to assessment as "lots and lands abounding and abutting upon said proposed improvement". It appears that some years prior to the laying out of the city of Ironton and the dedication of its streets the Ohio Iron and Coal Company and the Iron Railroad Company had built the railroad track in question and that the fee to the property was in the Ohio Iron and Coal Company. The present plaintiff is the successor in title of the Iron Railroad Company. The Iron Railroad Company acquired its rights from the Ohio Iron and Coal Company by a deed in which the property in question was described as

"The right of way over, along and through all the streets and alleys in the town of Ironton as reserved to said Ohio Iron and Coal Company in the surface of said town, etc."

The deed further contained a provision for reversion whenever the Iron Railroad Company should cease to use the property and rights conveyed to it. When the city of Ironton was laid out and its streets dedicated by the Ohio Iron and Coal Company, after the language of dedication generally of the streets and alleys indicated on the plat, there appeared this reservation:

"That the Ohio Iron and Coal Company hereby reserves the right to construct or to permit any person or persons or body corporate to construct a railroad or railroads, with double or single tracks, on, in or over all of the streets and alleys in said town."

The street in question was one of the streets dedicated at that time. This language clearly discloses that the dedicator did not reserve in fee a strip of land between the two sides of the street but only reserved an easement in the street, and when the dedicator subsequently conveyed the property to the predecessor of the plaintiff there was conveyed only the easement reserved at the time of the dedication. The railroad company is consequently not the owner in fee of the lands it occupies in Railroad Street but is only the owner of an easement therein.

The defendant insists that the assessment in this case can be sustained on the authority of **Northern Indiana Railroad Co. v. Connelly, 10 O. S. 159,** and **B. & O. Railroad Co. v. Oak Hill, 25 Ohio App. 301.** The distinction between those cases and the case at bar is clear. In the Connelly and Oak Hill cases the railroad owned property parallel to the improved street and abutting thereon. In the case at bar it has an easement in the street itself. The case falls, therefore, within the doctrine of **Ohio Electric Railway Co. v. Greenville, 110 O. S. 31,** and **Dayton Electric Railway Co. v. Scott, 101 O. S. 13.** In the latter case Judge Matthias says that it would scarcely be contended if the railway line were located in the center of a street that it could be assessed upon the theory that it abutted upon the street. That is the precise contention that seems to be made in the case at bar.

It follows that inasmuch as the plaintiff is not the owner of real property abutting upon the improvement it can not be assessed therefor.

Allread and Kunkle, JJ, concur.